[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 9, 2008
THOMAS K. KAHN
CLERK

No. 07-13415

_____

D. C. Docket No. 05-00633 CV-GET-1

URIM CORPORATION,

Plaintiff-Appellant,

versus

STEVEN L. KRONGOLD,
MARK T. PALIN,

Defendants-Appellees,

JAY T. THOMPSON,

Defendant,

KENNETH E. FLICK, et al.,

Respondents.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 9, 2008)**

Before EDMONDSON, Chief Judge, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Broadly speaking, this case is a legal malpractice action in which it is claimed that the Defendant lawyers agreed to an unauthorized settlement of Plaintiff's claim against a third-party in an earlier civil action. Summary judgment was granted to Defendants in this case. Briefly stated, the district court determined that the doctrine of collateral estoppel barred litigation of Plaintiff's contention that Defendants lacked the "special authority" Georgia law requires that lawyers must have to settle their clients' claims. We conclude that collateral estoppel does not apply. We vacate the judgment and remand for further proceedings.

The relationship between lawyer and client is regulated by particular rules and laws; see, for example O.C.G.A. § 15-19-6 ("Without special authority, attorneys cannot receive anything in discharge of a client's claim but the full amount in cash."). As we understand Georgia law, it is strict when it comes to limiting lawyers' authority to settle clients' claims. See Lewis v. Uselton, 416 S.E.2d 94, 96-98 (Ga. App. 1992). Therefore, circumstances that might establish actual authority for an agent, such as a lawyer, to act for his principal can still be inadequate to establish the "special authority" for one kind of transaction: a

2

lawyer's compromise and settlement of a client's claim. In Georgia, actual authority and the "special authority" to compromise and settle a client's claim are not necessarily the same thing: we believe that special authority is actual authority plus meeting some technical formalities that must be observed before settling.

In the earlier case, Judge Thrash's orders, addressing a motion to enforce the settlement agreement, decide apparent authority and actual authority. But Judge Thrash's orders do not mention or actually decide the question of the lawyers' "special authority" as that idea is construed in Georgia's law: the power, given by the client, to settle on the basis of the specific terms – including the amount of money – that the lawyers accepted. Looking at this record, we cannot say that Georgia's "special authority" rule was litigated before Judge Thrash and in Judge Thrash's mind and, thus, actually decided in the earlier case. We have assumed, for argument, that Plaintiff, in the earlier action before Judge Thrash, had a full and fair opportunity to litigate the issue of his lawyers' power to settle even though he was represented then by the very lawyers against whom he now claims malpractice: we decide nothing today about conflict of interest in the earlier litigation and its impact, if any, on collateral estoppel being asserted by the lawyer.

We agree that Defendants' continued representation of Plaintiff in the earlier civil action constitutes adequate consideration for the revised fee agreement.

**VACATED AND REMANDED.**